UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER R. KELLER,<br><br>　　　　　　Plaintiff,<br>　　v.<br>CALVIN JOHNSON, et al.,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00435-ART-CLB<br><br>ORDER |

　　　　Plaintiff Christopher Keller ("Plaintiff") files a motion seeking a preliminary injunction. (ECF No. 7.) In his motion, Plaintiff states he is exposed to mold, and prison officials continue to retaliate against him for being openly religious and for seeking a cell transfer. (*Id.* at 1–3.)

　　　　Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

　　　　The Court denies Plaintiff's motion for a preliminary injunction without prejudice. The grounds Plaintiff uses in his motion to seek relief do not relate to the claims that he raised in the Complaint and the claims the Court allowed to proceed on screening. (ECF No. 5 at 9–10; ECF No. 6 at 7–11.) The Court allowed

Plaintiff's claims relating to his personal injuries and a lack of access to outdoor exercise to proceed on screening. (ECF No. 5 at 9–10.) There were no claims in the Complaint relating to mold or religious persecution. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Therefore, because Plaintiff seeks injunctive relief based on claims not pled in the Complaint, the Court denies his motion (ECF No. 7) without prejudice.

DATED THIS 18th day of April 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2