1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3    \* \* \*

4    CHRISTOPHER KELLER,                     Case No. 3:23-CV-00435-CLB

5                              Plaintiff,    **ORDER DENYING MOTION**
                                            **FOR APPOINTMENT OF COUNSEL**
6         v.                                **AND/OR FOR A CONTINUANCE**

7    CALVIN JOHNSON, *et al.*,                    [ECF No. 31]

8                             Defendants.

9

10        Before the Court is Plaintiff Christopher Keller's ("Keller") motion for appointment

11   of counsel and/or for a continuance. (ECF No. 31.) For the reasons discussed below, the

12   motion is denied.

13   **I.    DISCUSSION**

14        Keller's motion seems to assert that he has been having difficulty getting discovery

15   responses from Defendants and this is the basis for requesting counsel and/or a

16   continuance. (*See* ECF No. 31.) However, Keller's motion does not address any of the

17   factors related to appointment of counsel, or for an extension of time.

18        To the extent Keller is requesting appointment of counsel, the request is denied.

19   There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v.*

20   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), opinion reinstated in pertinent part, 154

21   F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1) gives

22   the court discretion to "request an attorney to represent any person unable to afford

23   counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331

24   (9th Cir. 1998) (en banc). While the decision to request counsel lies within the discretion

25   of the district court, the court may exercise this discretion to request counsel only under

26   "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

27   Keller does not provide any argument to support his request for counsel, except to state

28   he is having difficulties with discovery, which is insufficient and does not constitute

exceptional circumstances. (*See* ECF No. 31.)

As to Keller's general request for a "continuance," the Court interprets this as a request to extend discovery deadlines in this case. (*See id.*) On December 23, 2024, the Court granted another motion to extend time filed by Keller and noted explicitly that "No further extensions of time will be granted absent extraordinary circumstances." (ECF No. 28 (emphasis in original).) Keller has not shown that extraordinary circumstances exist to further extend discovery, which is set to close on May 19, 2025. Therefore, this request is also denied.

II.    **CONCLUSION**

Accordingly, **IT IS ORDERED** that Keller's motion for appointment of counsel and/or for a continuance, (ECF No. 31), is **DENIED**.

**DATED**: March 10, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**