UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER R. KELLER,<br><br>                        Plaintiff,<br><br>    v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>                        Defendants. | Case No. 3:23-CV-00435-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR COUNSEL**<br><br>[ECF Nos. 43, 44] |

Before the Court is Plaintiff Christopher R. Keller's ("Keller") motion to compel discovery and for appointment of counsel. (ECF Nos. 43, 44[1].) For the reasons stated below, both motions are denied.

**I.    MOTION TO COMPEL**

First, as to Keller's motion to compel discovery, the motion is deficient for multiple reasons. Most importantly, the motion to compel is untimely as discovery in this case closed on August 18, 2025. (ECF No. 34.) While the deadline to file dispositive motions was subsequently extended, (ECF Nos. 40, 42), the deadlines to conduct discovery and to file discovery motions were not extended. Thus, the deadline to file any motions to compel in this case passed on September 1, 2025. (ECF No. 34 at 5.) However, Keller filed the instant motion to compel on December 3, 2025, several months after the deadline to do so had expired. (ECF Nos. 43, 44.) Thus, Keller's motion to compel must be denied on this basis.

However, even if the motion was timely filed, Keller's motion to compel may also be denied as procedurally improper. Under the Court's Local Rules, the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. LR 7-2(d). Further, the Local Rules require that all motions to

---

[1]    ECF Nos. 43 and 44 are identical.

compel discovery must set forth in full the text of the discovery originally sought and any response to it, as well as mandating that the parties conduct a meet and confer, and the movant provide a declaration setting forth the details and results of the meet and confer about each disputed discovery request. LR 26-6. These requirements are also outlined in the Court's order setting the discovery plan and scheduling order, (ECF No. 22), and the Court's order denying Keller's previous motion to compel, (ECF No. 38). Keller did not include a points and authorities in support of his motion, which constitutes consent to the denial of the motion. (*See* ECF Nos. 43, 44.) Keller also does not provide the full text of each discovery request and disputed response at issue, or a declaration outlining the details and results of a proper meet and confer conference. (*Id.*) Thus, Keller's motion to compel is also denied in the alternative based on these procedural defects.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Finally, the Court will address Keller's motion for appointment of counsel.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While

almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Keller states that he has "maintained throughout that he needs counsel appointed because he does not understand this legal process or what needs to be done by him." (ECF No. 44 at 1.) Keller further states he was receiving help from another inmate but can no longer communicate with that individual. (*Id.*) However, Keller does not provide any information to show why he faces more difficulties than every litigant faces when proceeding *pro se*. *Wood*, 900 F. 2d at 1335-36. Keller also does not argue that he is likely to succeed on the merits of his case or that the specific claims in his case are complex. *Terrell*, 935 F.2d at 1017. Therefore, the Court does not find that exceptional circumstances exist that warrant the appointment of counsel in this case. Keller's motion for counsel is consequently denied.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Keller's motion to compel and for appointment of counsel, (ECF Nos. 43, 44), are **DENIED**.

**IT IS SO ORDERED**.

**DATED**: <u>December 4, 2025</u>.

_____
**UNITED STATES MAGISTRATE JUDGE**