UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER R. KELLER,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-CV-00435-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME AND DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>[ECF Nos. 52, 53] |

Currently pending before the Court is Plaintiff Christopher R. Keller's ("Keller") motions to seal his medical records and extend the deadline for him to file his opposition to Defendants' motion for summary judgment. (ECF Nos. 52, 53.)[1] For the reasons discussed below, Keller's motion to seal is denied, and his motion to extend time is granted.

**I.　DISCUSSION**

　　**1.　Motion to Seal**

Although styled as a motion to seal, Keller's motion is really a motion seeking to review his medical records. In his motion, Keller states he wants to make sure "his complete medical files will be available to the Court" so he can reference specific dates and pages in his opposition to Defendants' motion for summary judgment. (ECF No. 52 at 2.) Furthermore, Keller states he is unsure whether the portions of his medical record Defendants filed in support of their motion for summary judgment include all the relevant portions he wishes to cite to in his opposition. (*Id.* at 3.)

In their response, Defendants state a copy of Keller's entire medical record and

---

[1]　The Court notes that ECF Nos. 52 and 53 are identical. However, ECF No. 52 was docketed as a motion to seal, and ECF No. 53 was docketed as a motion to extend time. The Court will therefore cite to ECF No. 52 when discussing the motion to seal and cite to ECF No. 53 when discussing the motion to extend time.

copies of the portions filed under seal were sent to Lovelock Correctional Center ("LCC") for him to review. (ECF No. 54 at 2.) Thus, Keller has all the necessary files to ensure he can cite to whatever records he wishes when drafting his opposition. If Keller wishes to cite to records not included in the records filed under seal by Defendants, he will need to include them with his opposition. Keller may at that time file a motion to seal those records if he wishes. However, Keller is cautioned that he should only include the relevant portions of his record, not his entire record. If Keller is unsure of how to review his records at LCC, he is instructed to reach out to defense counsel, who stated she would be "happy to set up a phone call and walk him through that process." (*Id.*)

Because Keller is not actually seeking to seal any documents at this time his motion to seal, (ECF No. 52), is denied as premature.

### 2. Motion to Extend Time

The Court will next address Keller's motion to extend the deadline for him to file his opposition to Defendants' motion for summary judgment. (ECF No. 53.) In short, Keller states he needs more time to review his medical records, and the records Defendants filed under seal to properly draft his opposition. (*Id.* at 3.) Defendants do not oppose. (ECF No. 54 at 1.) Considering Defendants non-opposition, and for good cause appearing, the Court grants Keller's motion to extend time. Keller shall have until Tuesday, January 20, 2026, to file his opposition.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** Keller's motion to seal, (ECF No. 52), is **DENIED**.

**IT IS FURTHER ORDERED** Keller's motion to extend time, (ECF No. 53), is **GRANTED**. Keller's opposition is due on or before **Tuesday, January 20, 2026**.

DATED December 30, 2025.

**UNITED STATES MAGISTRATE JUDGE**